CASE 87.—ACTION BY G. H. JACKSON· AND OTHERS AGAINST J. R. HARDIN, ON MOTION PENDING 'AN APPEAL TO CONTINUE AN INJUNCTION GRANTED IN THE LOWER COURT.—April 21, 1905.

## Jackson. &c. v. Hardin

Appeal from·Laurel Circuit Court. ·

Motion made in Appellate Court. Denied.

Injunctions—Pendency of Appeal—Appellate ·Court—Revisory Power—Section 747, Civil Code of Practice, pertaining to the suspending, modifying or continuing of an injunction during the pendency of an appeal limits the application to ·this court to revise the action of the Circuit Court as to continuing the injunction enforced pending the appeal to "twenty

days after the entry of such order," and when such motion is not made within twenty days after the entry of the order it comes too late.

F. C. NEWMAN for appellants.

SAM C. HARDIN for appellee.

(Omitted in former report.)

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling motion.

On final hearing the circuit court dissolved the injunction which had been obtained by appellants, granting them an appeal to this court, and on their motion that the injunction be continued in force pending the appeal he made an order continuing the injunction in force for sixty days from date of the judgment. The appeal is now pending in this court and is set for hearing on May 24th, but the sixty days will expire before that time, and appellants have entered a motion that this court continue the injunction in force pending the appeal. Section 747 of the Civil Code of Practice is as follows: "An appeal shall not stay proceedings on the judgment unless a supersedeas be issued. The provisions of the Civil Code concerning supersedeas on appeals shall not apply to judgments granting, modifying, perpetuating or dissolving injunctions. When an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying or continuing the injunction during the pendency of the appeal, upon such terms as to bond or otherwise, as

may be proper for the security of the rights of the opposite party. Either party, within twenty days after the entry of such order, may take a transcript of the record, or all parts thereof appertaining to the injunction, and upon reasonable notice in writing to the opposite party move the Court of Appeals, or, if in vacation, any judge thereof, to revise the order of the lower court, and finally determine how far the injunction shall be suspended, modified or continued pending the appeal. Pending such application to the Court of Appeals or judge thereof, but not longer than for twenty days, the status existing immediately before the entry of the judgment appealed from shall be maintained, and the lower court shall so provide in the judgment upon the request of either party. If, at any time, upon reasonable notice to the party affected, it may be made to appear that the sureties upon the bond required in the court below are insufficient, the Court of Appeals, or a judge thereof in vacation, may set aside the order suspending, modifying or continuing the injunction pending the appeal unless, sufficient surety be furnished by a day fixed by the court or judge.''

It will be observed that the statute limits the application to this court to revise the action of the circuit court as to continuing the injunction in force pending the appeal to ''twenty days after the entry of such order.'' The motion here was not made within twenty days after the entry of the order, and so comes too late. The motion is made under the statute. No other question presented. The motion therefore is overruled.